UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

CAMILLE WESTON,

      **Plaintiff,**

  v.                                      Civil Action 2:22-cv-1650
                                            Chief Judge Algenon L. Marbley
                                            Magistrate Judge Chelsey M. Vascura

SEARS,

      **Defendant.**

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, Camille Weston, an Ohio resident proceeding without the assistance of counsel, has submitted a request to file a civil action *in forma pauperis*. (ECF No. 1.) The Court **GRANTS** Plaintiff's request to proceed *in forma pauperis*. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a).

This matter is also before the Court for the initial screen of Plaintiff's Complaint as required by 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having performed the initial screen, for the reasons that follow, the undersigned **RECOMMENDS** that Plaintiff be permitted to proceed on her claim for employment discrimination on the basis of religion under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. ("Title VII"), and that the Court **DISMISS** Plaintiff's First Amendment free exercise of religion claim pursuant to § 1915(e)(2).

## I.     STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e) as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>
> * * *
>
> (B) the action or appeal--
>
> > (i) is frivolous or malicious; [or]
> >
> > (ii) fails to state a claim on which relief may be granted . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). See also *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal and factual

demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank,* 727 F.3d at 504 (citations omitted). Further, the Court holds pro se complaints "to less stringent standards than formal pleadings drafted by lawyers." *Garrett v. Belmont Cty. Sheriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "courts should not have to guess at the nature of the claim asserted." *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

## II.     ANALYSIS

Plaintiff alleges that she is a Seventh-Day Adventist Christian who observes the Sabbath from sunset on Friday to sunset on Saturday. At an unknown date, Plaintiff began employment in a "consultative sales" position with Defendant Sears. Plaintiff alleges that Defendant understood at the time it interviewed and hired her that she would not be available for any work on the

3

Sabbath. For some unspecified period, Defendant arranged Plaintiff's schedule such that she was never scheduled to work on or near Sabbath hours. However, on Friday, June 18, 2018, Plaintiff's manager left a voicemail message for Plaintiff after business hours, which Plaintiff did not return until after sunset the following day. On Sunday, June 20, 2018, Sears terminated Plaintiff's employment due to her "failure to return multiple calls." Plaintiff alleges that Defendant discriminated against her on the basis of religion when it terminated her employment for refusing to take work calls during the Sabbath and asserts claims under both Title VII and the First Amendment to the United States Constitution. Plaintiff seeks $93,525.00 in damages and declaratory relief. (*See* Compl. 3–6, ECF No. 1-1.)

It is **RECOMMENDED** that Plaintiff be permitted to proceed on her Title VII claim against Defendant for religious discrimination. Plaintiff's remaining First Amendment claim, however, fails to state a claim on which relief can be granted. The First Amendment prohibits the federal government (and the state governments, through the Fourteenth Amendment's Due Process Clause) from infringing on religious freedoms. *See* U.S. Const. amend. I; *Timbs v. Indiana*, 139 S. Ct. 682, 687, (2019). The First Amendment does not, however, apply to private employers. *See*, *e.g.*, *Pub. Utilities Comm'n of D.C. v. Pollak*, 343 U.S. 451, 461 (1952). Accordingly, Sears, as a private, non-government entity, cannot be liable for infringing on Plaintiff's free exercise of religion in violation of the First Amendment. It is therefore **RECOMMENDED** that Plaintiff's First Amendment claim be **DISMISSED**.

Although it is recommended that Plaintiff be permitted to proceed on her Title VII claim, Plaintiff is cautioned that her Title VII claim may still be subject to dismissal if she is not able to demonstrate that she timely exhausted her administrative remedies prior to filing suit. Title VII plaintiffs are required to first file a charge of discrimination with the Equal Employment

Opportunity Commission ("EEOC") or the relevant state or local agency within 180 days after the alleged unlawful employment practice occurred. 42 U.S.C. § 2000e-5(e)(1). Only after receiving notice that the EEOC will not take further action on the discrimination charge (commonly referred to as a "right-to-sue" notice) may a plaintiff commence a Title VII claim in federal court. 42 U.S.C. § 2000e-5(f)(1). Further, any federal action must be commenced within 90 days after the right-to-sue notice is issued. *Id.* Although exhaustion of administrative remedies is not a jurisdictional prerequisite to filing a Title VII claim, *see Adamov v. U.S. Bank Nat. Ass'n*, 726 F.3d 851, 855–56 (6th Cir. 2013), Defendant may raise failure to exhaust administrative remedies as an affirmative defense. *See Lockett v. Potter*, 259 F. App'x 784, 786 (6th Cir. 2008).

## III. DISPOSITION

For the foregoing reasons, it is **RECOMMENDED** that Plaintiff be permitted to proceed on her Title VII claim against Defendant for religious discrimination. It is further **RECOMMENDED** that Plaintiff's remaining First Amendment claim be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2).

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE