UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CAMILLE WESTON, | : | |
| | : | |
| Plaintiff, | : | Case No. 2:22-cv-1650 |
| | : | |
| v. | : | Chief Judge Algenon L. Marbley |
| | : | Magistrate Judge Chelsey M. Vascura |
| SEARS, | : | |
| | : | |
| Defendant. | : | |

**OPINION AND ORDER**

This matter comes before the Court on Plaintiff's Motion for Default (ECF No. 22). Plaintiff, proceeding pro se, has successfully applied to the Clerk for Entry of Default, and the Clerk has so entered. (ECF No. 19). Plaintiff now requests this Court enter an order of default judgment. Plaintiff's Motion is denied at this time.

This Court construes Plaintiff's Complaint (EFC No. 2) as bringing claims under both the First Amendment and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"). (ECF No. 12 at 1). In its June 14, 2022 Order, this Court dismissed Plaintiff's First Amendment claims under 28 US.C. 1915(e)(2) but permitted her Title VII claim to proceed. (*Id.*).

Before filing a Title VII lawsuit, a plaintiff must demonstrate exhaustion of administrative remedies by "filing timely charges of employment discrimination with the EEOC," and "receiving and acting upon the EEOC's statutory notices of the right to sue." *Nichols v. Muskingum Coll.*, 318 F.3d 674, 677 (6th Cir. 2003). This requirement is not jurisdictional, but "[r]eceipt of a right-to-sue letter from the EEOC is a condition precedent to filing a Title VII action in federal district court." *Rivers v. Barberton Bd. of Educ.*, 143 F.3d

1029, 1032 (6th Cir. 1998). Plaintiff has not adduced any evidence that she has received a right-to-sue letter from the EEOC; as such, the Court denies her motion for default judgment. Plaintiff must produce the right-to-sue letter prior to the Defendant's filing of a motion to dismiss; otherwise, her complaint is subject to dismissal. *See Portis v. State of Ohio,* 141 F.3d 632, 635 (6th Cir. 1998) (stating that "premature suits are subject to a motion to dismiss at any time before notice of the right to sue is received.").

Plaintiff also submitted two other motions to the Court. First, this Court considers Plaintiff's Motion to Amend/Correct her Application for Entry of Default. (ECF No. 23). Plaintiff submitted two Applications for Entry of Default (ECF Nos. 15 and 18); in her Motion to Amend, Plaintiff requests that the Court recognize the damages calculations contained in her first Application as the basis for the entry of default. The Clerk, however, already entered default against Sears on July 14, 2022. (ECF No. 19). Further, damages are a matter considered at the default judgment stage. Fed. R. Civ. P. 55(b); *See Crisp v. New Beginnings Behav. Health, LLC,* No. 1:21-CV-180, 2021 WL 3721219, at *1 (S.D. Ohio Aug. 23, 2021) (stating that "[u]pon the Clerk's entry of default, the complaint's factual allegations regarding liability are taken as true, but the amount of damages must be proven.") The Motion to Amend/Correct also requests that this Court change her address; however, she has since filed a Motion for Writ (ECF No. 28) to change that address again. As such, this Court finds that Plaintiff's Motion to Amend/Correct is moot. Second, the Court considers and grants Plaintiff's Motion for Writ seeking to update her address information (ECF No. 28); the Clerk of Court is hereby instructed to update Plaintiff's address in accordance with the information contained therein.

For the foregoing reasons, Plaintiff's Motion for Default (ECF No. 22) is **DENIED**. Plaintiff's Motion to Motion to Amend/Correct her Application for Entry of Default (ECF No, 23) is **DENIED AS MOOT**. Plaintiff's Motion for Writ (ECF No. 28) is **GRANTED**.

    **IT IS SO ORDERED.**

                                                **ALGENON L. MARBLEY**
                                                **UNITED STATES DISTRICT JUDGE**

**DATED:  November 1, 2022**