**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **CAMILLE WESTON,** | : | **Case No. 2:22-cv-01650** |
| | : | |
| **Plaintiff,** | : | **Judge Algenon L. Marbley** |
| | : | |
| **v.** | : | **Magistrate Judge Chelsey M. Vascura** |
| | : | |
| **SEARS INC.,** | : | |
| | : | |
| **Defendant.** | : | |

**OPINION & ORDER**

This matter is before this Court on Camille Weston's Motion for Default Judgment. (ECF No. 37). For the following reasons, Weston's Motion is **DENIED**.

**I.  BACKGROUND**

On March 16, 2022, Plaintiff, proceeding *pro se*, filed this action against her former employer, Sears, alleging First Amendment and Title VII violations. (ECF No. 2). This Court dismissed Plaintiff's First Amendment claims but allowed her Title VII claims to proceed. (ECF No. 12).

On July 25, 2022, Plaintiff filed a Motion for Default Judgment against Defendant. (ECF No. 22). Plaintiff, however, failed to provide or reference a right-to-sue letter from the EEOC. (ECF No. 29). As this Court previously noted, the "[r]eceipt of a right-to-sue letter form EEOC is a condition to filing a Title VII action in federal district court." (ECF No. 29) (quoting *Rivers v. Barberton Bd. Of Educ.*, 143 F.3d 1029, 1032 (6th Cir. 1998)). Accordingly, Plaintiff's Motion for Default Judgement was denied. (*Id.*). Plaintiff was then ordered to submit a right to sue letter within 30 days so that her claims would not be dismissed. (ECF No. 34). Plaintiff subsequently filed a Motion to Clarify in which she provided a notice from the EEOC mailed on September 25, 2018. (ECF No. 35). The notice indicated that Plaintiff obtained a right-to-sue letter under federal law

1

based on Title VII. (*Id.*). Accordingly, the Motion to Clarify was granted and Plaintiff was allowed to proceed with this case. (ECF No. 36).

## II.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 55 governs defaults and default judgment and provides a two-step procedure. *See* Fed. R. Civ. P. 55. A Plaintiff must first apply for and receive an entry of default from the Clerk of Court. Fed. R. Civ. P. 55(a). After the Clerk enters a party's default, then a plaintiff may apply to the court for default judgment. Fed. R. Civ. P. 55(b)(2). An entry of default does not automatically entitle a party to a default judgment. *See F.C. Franchising Sys., Inc. v. Schweizer*, 2012 WL 1945068, at *3 (S.D. Ohio May 30, 2012). The party who seeks the default must show the court that, "when all of the factual allegations in the complaint are taken as true, the defendant is liable for the claim(s) asserted." *Methe v. Amazon.com.dedc, LLC*, 2019 WL 3082329, *1 (S.D. Ohio July 15, 2019) (quoting *Said v. SBS Elecs., Inc.*, 2010 WL 1265186, at *2 (E.D.N.Y. Feb. 24, 2010)).

When considering whether to enter default judgment, the Sixth Circuit instructs courts to take into account the following factors: "1) possible prejudice to the plaintiff; 2) the merits of the claims; 3) the sufficiency of the complaint; 4) the amount of money at stake; 5) possible disputed material facts; 6) whether the default was due to excusable neglect; and 7) the preference for decisions on the merits." *Russell v. City of Farmington Hills*, 34 F. App'x 196, 198 (6th Cir. 2002). If the Court finds default judgment proper, it may conduct a hearing to determine the proper amount of damages. Fed. R. Civ. P. 55(b)(2). The Court is not, however, required to do so. *See id.* ("The court may conduct hearings . . . [to] determine the amount of damages.").

### III.    LAW AND ANALYSIS

Plaintiff alleges that Defendant discriminated against her on the basis of religion by refusing to honor Plaintiff's inability to work on or near Sabbath hours, despite initially agreeing to accommodate her needs. (ECF No. 2 at 3). After this agreement, however, Plaintiff was scheduled to work during sabbath hours. (*Id.*). Further, on Friday, June 8, 2018, Plaintiff's manager left a voicemail message for Plaintiff after business hours, which Plaintiff did not return until after sabbath the next day. (*Id.*). The following day, Defendant terminated Plaintiff's employment due to her "failure to return multiple calls." (*Id.*). Plaintiff now brings her Title VII claims related to this incident.

As an initial matter, Title VII requires a civil action to be filed in federal court within 90 days after the EEOC has given a "right-to-sue" notice. 42 U.S.C. § 2000e-5(f)(1). The requirement that a civil action be filed within 90 days is not a "jurisdictional prerequisite to suit in a federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel and equitable tolling." *Simmons v. Ohio Civ. Serv. Emp. Assoc. AFSCME Local 11*, 259 F. Supp. 2d 677, 681 (S.D. Ohio 2003) (quoting *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982)).

In the Sixth Circuit, a right-to-sue notice mailed by the EEOC is presumed to have been received, and the 90-day statute of limitations begins to run, on the fifth day after the mailing date. *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 557 (6th Cir. 2000). However, a plaintiff may rebut this presumption by presenting proof that he did not receive the right-to-sue notice. *Id.* at 557. A plaintiff may do so by making an equitable tolling argument. Under certain circumstances a statute of limitations by evaluating five factors: lack of actual notice of [the] filing requirement; lack of constructive knowledge of [the] filing requirement; diligence in pursuing one's rights; absence of prejudice to the defendant; and a plaintiff's reasonableness in

remaining ignorant of the notice requirement. *U.S. ex rel. Bledsoe v. Community Health Systems, Inc.*, 501 F.3d 493, 519 (6th Cir. 2007).

Here, Plaintiff provided a notice from the EEOC mailed on September 25, 2018, and brought this case on March 16, 2022. (ECF Nos. 1; 35). Further, the notice provided that "the lawsuit must be filed within 90 days of receipt of the notice" (ECF No. 35 at 2). Since this case was filed well after the 90 days had elapsed fully—and the right-to-sue letter explicitly informed Plaintiff of the time requirements, Plaintiff's Title VII claims are time-barred. *Heller v. Bur. of Vocational Rehab.*, 2014 WL 2865599, at *1 (N.D. Ohio June 24, 2014) ("To maintain an action under Title VII or the ADA, plaintiff "must timely file a charge with the EEOC, receive a right-to-sue letter and file an action within ninety days of receipt of such letter.").

Additionally, Plaintiff does not assert any basis for an exception to her delay such as waiver, estoppel, or equitable tolling of the statute of limitations, and the record on its face does not suggest that any exception would apply. *See Zhang v. Univ. of Ky*, 2025 WL 818179, at *3 (E.D. Ky. Mar. 13, 2025) (noting that the plaintiff failed to allege facts that supported estoppel or equitable tolling, therefore neither would be permitted.). Accordingly, Plaintiff's claims are time barred and cannot be pursued.

## IV. CONCLUSION

Plaintiff's Motion for Default Judgment (ECF No. 37) is **DENIED**. This case is CLOSED.

**IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED: March 9, 2026**

4